**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

In re:

| | |
|---|---|
| MARY KING ALEXANDER | Bankruptcy No: 16-35652-KRH |
| Debtor(s), | |
| SETERUS, INC. AS THE AUTHORIZED SUBSERVICER FOR FEDERAL NATIONAL MORTGAGE ASSOCIATION C/O SETERUS, INC. | Chapter 13 |
| Movant, | |
| v. | |
| MARY KING ALEXANDER CARL M. BATES, TRUSTEE | |
| Respondents. | |

**ORDER GRANTING MODIFICATION OF STAY**

Upon the Motion for Relief of the Movant, Seterus, Inc. as the Authorized Subservicer for Federal National Mortgage Association c/o Seterus, Inc. ("Seterus"), having been properly served and upon agreement by Counsel,

It appears that the Debtor is in possession of certain real property hereinafter described upon which Movant holds a Note secured by a valid Deed of Trust incident of the property located at 2648 Craig Mill Road, South Hill, VA 23970 and described as follows:

Jon M. Ahern, Esquire
State Bar Association No: 018218
Sykes, Bourdon, Ahern & Levy, P.C.
281 Independence Boulevard
Pembroke 1 Building, Fifth Floor
Virginia Beach, VA 23462
757-499-8971

The land referred to herein below is situated in the county of LUNENBURG, State of VA and is described as follows:

ALL THAT PARCEL OF LAND IN CITY OF SOUTH HILL, LUNENBURG COUNTY, COMMONWEALTH OF VIRGINIA, AS DESCRIBED IN DEED BOOK 329, PAGE 350, ID#079-0-A0-35, BEING KNOWN AND DESIGNATED AS:

ALL THAT CERTAIN TRACT OR PARCEL OF LAND, LYING AND BEING IN LOCHLEVEN MAGISTERIAL DISTRICT, LUNENBURG COUNTY, VIRGINIA, CONTAINING ONE ACRE AND BOUNDED AS FOLLOWS: BEGINNING AT AN IRON PIN ON THE EASTERN EDGE OF THE RIGHT-OF-WAY OF VIRGINIA SECONDARY HIGHWAY NO. 637, SAID PIN LOCATED THIRTY FEET NORTH OF THE INTERSECTION OF THE NORTHERN BOUNDARY LINE OF THE LANDS OF WILLIAM TAYLOR WITH SAID HIGHWAY; THENCE IN A NORTHERLY DIRECTION ALONG SAID HIGHWAY A DISTANCE OF 124.5 FEET TO AN IRON PIN; THENCE AONG A NEW LNE IN AN EASTERLY DIRECTION AT RIGHT ANGLES TO SAID HIGHWAY A DISTANT OF 350 FEET TO AN IRON PIN AT A NEW CORNER; THENCE IN A SOUTHERLY DIRECTION ALONG A LINE PARALLEL WITH SAID HIGHWAY NO. 637 A DISTANCE OF 124.5 FEET TO AN IRON PIN ON THE EDGE OF AN OLD ROAD; THENCE IN A WESTERLY DIRECTION ALONG THE NORTHERN EDGE OF SAID OLD ROAD A DISTANCE OF 350 FEET TO AN IRON PIN ON SAID HIGHWAY NO. 637, THE POINT OF BEGINNING. SAID PROPERTY IS BOUNDED, NOW OR FORMERLY, ON THE EAST BY THE LANDS OF W.R. WALKER AND LEROY C. WILKES, ON THE NORTH BY PECOLA BASKERVILLE, ON THE SOUTH BY AN OLD ROAD, AND ON THE WEST
BY HIGHWAY NO. 637.

UPON consideration of which, it is ORDERED that relief from the automatic stay be, and hereby is, presently denied, provided however, that the Debtor comply with the following conditions:

a.  Debtor shall have until on or before November 30, 2017 to attempt to obtain a Loan Modification conditioned upon agreeability of the lender (subject to Court approval).

b.  Debtor shall file any necessary pleadings with the Court to approve proposed Loan Modification, should Lender and Debtor be agreeable to such loan modification.

1.  In the event that any payment set forth in this Order is not received by the Movant within 15 days after it is due, or in the event the loan modification has not been completed by November 30, 2017, or the Debtors' application for a loan modification has been denied, or the Debtors have not obtained court approval of the terms of a loan modification agreement, the Movant may mail a notice of default to the Debtors by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to Debtors' counsel and the Trustee by first class mail, postage prepaid, or by email at

the same time as the notice of default is mailed to the Debtors. The notice of default will state in simple and plain language:

    a.    That the Debtors are in default in making at least one payment required under this Order or in timely obtaining court approval of the loan modification agreement and is currently post-petition delinquent;

    b.    The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;

    c.    The action necessary to cure the default, including any address to which payments must be mailed;

    d.    That the Debtors or Trustee must take one of the following actions within fourteen (14) days after the date of the mailing of the notice of default:
        i.  cure the default;
        ii.  file an objection with the court stating that no default exists; or
        iii.  file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

    e.    That if the Debtors or Trustee do not take one of the actions set forth in paragraph 1(d), the Movant may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the automatic stay without further notice to the Debtors; and

    f.    That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the Debtors or Trustee do not take on e of the actions set forth in paragraph 1(d), the Movant may submit a certificate stating that it has complied with the terms of this Order and that neither the Debtors nor the Trustee have taken one of the actions set forth in paragraph 1(d) and may submit together with the certificate a draft Order terminating the automatic stay.

If the Debtors or Trustee file an objection, the Movant must set the matter for a hearing and give notice of the hearing to the Debtors, Debtors' counsel and the Trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

    2.    The provisions of this Order with respect to regular monthly installment payments expire one year the date of the entry of this Order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this Order, the Movant must obtain relief by filing a new Motion for Relief from Stay with appropriate notice and hearing.

    3.    Until an Order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

    4.    The automatic stay is modified to permit the Noteholder or servicing agent to send the debtor any payment coupons, payment statements or invoices, notices of late payments, notice of payment changes, notice of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

5. That should Movant herein be granted relief from the automatic stay, the Movant shall be entitled to file a Proof of Claim of any deficiency balance (to be paid prorate with other unsecured creditors prospectively only) within 120 days of the date of which relief from the automatic stay is granted or no claim for deficiency shall be allowed.

6. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court the Movant shall be entitled to reasonable attorney's fees in the amount of $75.00 for the issuance of a notice of default, and an additional $100.00 for issuance of a certificate of default and preparation of an Order terminating the automatic stay.

Dated: Aug 24 2017

/s/ Kevin R. Huennekens

United States Bankruptcy Court EASTERN District of Virginia

Entered on the docket: Aug 24 2017

I ask for this:

  /s/ Jon M. Ahern
Jon M. Ahern, Counsel for Movant

Seen and Agreed:

  /s/ Amanda DeBerry
Amanda DeBerry

Seen:

  /s/ Carl M. Bates
Carl M. Bates, Trustee

**CERTIFIATION**

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made.

  /s/ Jon M. Ahern
Jon M. Ahern

**CERTIFICATION**

I hereby certify that pursuant to Local Rule 9022-1(c)(1) that all necessary parties have endorsed the foregoing proposed Order.

    /s/ Jon M. Ahern
Jon M. Ahern

PARTIES TO RECEIVE COPIES:

Mary King Alexander
P.O. Box 15321
Richmond, VA 23227

Amanda DeBerry
P.O. Box 11588
Richmond, VA 23230

Carl M. Bates
P.O. Box 1819
Richmond, VA 23218